UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lory Kostantino and Arthur Konstantino,<br><br>                    Plaintiffs,<br>v.<br><br>Esser, James & Associates, LLC; and DOES 1-10, inclusive,<br><br>                    Defendants. | : Civil Action No.: _____<br>:<br>:<br>: COMPLAINT<br>:<br>:<br>:<br>: |

For this Complaint, Plaintiffs, Lory Kostantino and Arthur Konstantino, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Lory Kostantino ("Lory"), is an adult individual residing in West Haven, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff, Arthur Konstantino ("Arthur" together with Lory "Plaintiffs") is an adult individual residing in Williston, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Esser, James & Associates, LLC ("Esser"), is a business entity located in Buffalo, New York, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Esser and whose identities are currently unknown to Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Esser at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.  **The Debt**

8.      Lory allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Esser for collection, or Esser was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.  **Esser Engages in Harassment and Abusive Tactics**

12.     Within the last year, Esser began calling Arthur in an attempt to collect the Debt from Lory.

13. At one time Arthur and Lory were married, but they have been divorced for over twenty (20) years.

14. Esser called Arthur and disclosed that it was a debt collector attempting to reach Lory.

15. On numerous occasions, Arthur explained that Lory could not be reached at his telephone number.

16. Nevertheless, Esser continued to call Arthur in an attempt to collect the Debt.

C. **Plaintiffs Suffered Actual Damages**

17. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

19. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Arthur for a purpose other than to confirm or correct location information.

21. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Arthur about the Debt.

22.   Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

23.   Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Arthur in telephone conversations with the intent to annoy and harass Arthur.

24.   Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

26.   Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Punitive damages; and
5. Such other and further relief as may be just and proper.

   **TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: May 24, 2016**

**Respectfully submitted,**

**By   /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG LAW, L.L.C.**
**43 Danbury Road, 3rd Floor**
**Wilton, CT 06897**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiffs**